IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINICK SMITH,

       Petitioner,

v.                                                              CIV 15-0441 MV/KBM

JEFF WRIGLEY, Warden, and
HECTOR BALDERAS, New Mexico
Attorney General,

       Respondents.

## ORDER FOR ADDITIONAL BRIEFING

THIS MATTER is before the Court on Petitioner Dominick Smith's Petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *Doc. 1*. In Ground Two of his Petition, Smith maintains that the State of New Mexico violated a sentencing agreement he entered into with it in exchange for a "no holds barred" interview. *Id.* at 7. Pursuant to the "Agreement and Stipulation Between Defendant and the State," the State promised that "[i]f convicted of any of those crimes charged, Defendant's cumulative sentences will be at the discretion of the trial judge provided that total exposure will be 'capped' at twenty years imprisonment." *Doc. 9-4* at 11. Smith asserts that this agreement was violated because he was later sentenced to 32 years imprisonment of which 12 years was suspended. *Id.* Respondents' Answer to Smith's petition does not address the legal merits of this claim but merely states in passing, "This 'cap,' however, was 'at the discretion of the trial judge.'" *See Doc. 9* at 13. The Court finds that further briefing on this issue is necessary.

1

Ground Two of the Petition also asserts that the state trial judge erred by inadequately addressing a question from the jury that, in Smith's view, improperly implicated the theory of felony murder which was not charged in his case. *Doc. 1* at 7. This claim is also not addressed in Respondents' Answer. *Doc. 9*. The Court finds that briefing on this issue is necessary to properly resolve the claims.

Wherefore,

**IT IS HEREBY ORDERED** that Respondents shall file additional briefing by Friday, April 8, 2016, addressing the merits of Smith's claims that: (1) his sentence violated the agreement entered into between himself, and the State, and (2) the trial judge improperly responded to the jury's question.

_____
UNITED STATES CHIEF MAGISTRATE