IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINICK SMITH,

       Petitioner,

v.                                         CIV 15-0441 MV/KBM

JEFF WRIGLEY, Warden, and
HECTOR BALDERAS, New Mexico
Attorney General,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Dominick Smith's ("Smith") Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed on May 26, 2015 (*Doc. 1*). The Honorable Martha Vazquez referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case (*Doc. 3*). Having reviewed the submissions of the parties and the relevant law, the Court recommends that the petition be denied.

### I.    BACKGROUND

Smith was involved in the drug-related shooting of Carl Morley, Joshua Hunter, and Trent Ashlock on March 10, 2006, in Hobbs, New Mexico. *Doc. 9* at 2.[1] Morley and Hunter were killed and Ashlock was wounded. *Id.* After the shooting, Smith and his co-defendant fled to Albuquerque where Smith ultimately surrendered and agreed to a "no

---

[1] Certain non-material background facts are borrowed from numbered paragraphs set out in Respondents' answer brief, *see Doc. 9* at 1-7, with which Petitioner indicates that he "is in agreement." *Doc. 10* at 2.

holds barred" interview with detectives from the Hobbs Police Department. *Id.* In

exchange for Smith's truthfulness, the State agreed to the following terms:

> a. To take any and all first degree felony charges "off the table" and not charge Defendant with them, or if already charged to reduce any first degree felony to a second degree charge;
>
> * * *
>
> c. If convicted of any of those crimes charged, Defendant's cumulative sentence will be at the discretion of the trial judge provided that total exposure will be "capped" at twenty years imprisonment.

*Doc. 9-4* at 10-12. The agreement was executed by Smith, his attorney, Ruben Cortez,

and an Assistant District Attorney, and it was filed on the record in Smith's criminal case

on October 6, 2006. *Id.*

Subsequent to this agreement, Smith was charged with two counts of murder in

the second degree related to the deaths of Morley and Hunter and conspiracy and

attempt to commit murder in the first degree of Ashlock. *Doc. 9-4* at 8. Ultimately, a New

Mexico jury convicted Smith of two counts of murder in the second degree with firearm

enhancements contrary to NMSA 1978, §§ 30-02-01(B), 31-18-16 and 30-01-13, on

December 13, 2006. *Doc. 9-1* at 1; *Doc. 9-4* at 34-41. State District Judge Charles

Currier presided over the trial, and, on January 25, 2007, in an amended judgment

sentenced Smith to a total of 32 years of imprisonment, all suspended except 20 years

followed by two years of parole. *Id.* at 3-4.

Through counsel, Smith directly appealed his conviction to the New Mexico Court

of Appeals. Pertinent to this case, Smith argued that the trial court erred in denying his

motion for a new trial and committed instructional errors. *Doc. 9-1* at 41. Smith

specifically argued that he was denied a fair trial because when the jury asked a

question arguably implicating the offense of first-degree felony murder, the trial court

refused to instruct the jury that Smith could not be convicted of that offense. *Doc. 9-1* at

43. The New Mexico Court of Appeals affirmed Smith's convictions on August 31, 2012.

*Doc. 9-1* at 89-101; *State v. Smith*, No. 27,511, 2012 WL 4434150 (N.M. Ct. App. 2012).

The court found no abuse of the trial court's discretion in responding to the jury's

question by directing it to consider only those charges included in the jury instructions,

which it found to be an accurate statement of New Mexico law. *Smith*, 2012 WL

4434150 at *2-4. Thus, the Court concluded that Smith had "failed to meet his burden of

proving that the jury was confused." *Id.* at *3. The New Mexico Supreme Court denied

certiorari as to these issues on November 1, 2012. *Doc. 9-2* at 24.

Smith filed a *pro se* Petition for Writ of Habeas Corpus in New Mexico State

District Court on October 29, 2013. *Doc. 9-2* at 26. Here, Smith again argued that the

trial court failed to properly instruct the jury. *Id.* at 26-27. Petitioner argued that any

instruction mentioning first-degree crimes violated Smith's agreement with the State to

charge him with first-degree crimes. *Id.* at 34-35, 40. Smith further argued that he did

not receive effective assistance of either trial or appellate counsel. *Doc. 9-2* at 41-43.

Judge Currier summarily denied Smith's state petition on May 12, 2014. *Doc. 9-2*

at 69-73. As to the jury instructions, Judge Currier referenced the New Mexico Court of

Appeals' finding that the instructions accurately stated New Mexico law. *Id.* at 70.

Turning to Smith's claims of ineffective assistance of counsel, Judge Currier, relying on

his own observations of the trial, opined that "[t]he representation provided by Mr.

Cortez to Defendant through the proceedings was vigorous, competent and

appropriate[.]" *Id.* at 71. Judge Currier also identified no prejudice to Smith, pointing to

Attorney Cortez's success in "obtaining an agreement from the State limiting

Defendant's potential exposure to charges of second degree murder only and a maximum twenty year sentence of incarceration" even in light of the "substantial, if not overwhelming," evidence showing that Smith "was an accessory to two counts of first degree murder." *Id.* at 72.

Thereafter, Smith applied for a writ of certiorari from the New Mexico Supreme Court. *Doc. 9-3* at 1. Pertinent to this case, the petition raised the following questions for review:

> (1) Did the trial Court err in failing to conduct an evidentiary hearing to evaluate Petitioner's claim of ineffective assistance of trial counsel?
> (2) Did the trial court's instruction on first degree willful and deliberate murder amount to fundamental error in light of an agreement prohibiting prosecution for *any* first degree crimes?
>
> * * *
>
> (4) Did the trial court violate the express terms of the "limitation-on-prosecution" agreement?

*Doc. 9-3* at 2-3. The New Mexico Supreme Court denied certiorari as to these issues on May 5, 2015. *Doc. 9-3* at 70. Smith now seeks redress in this Court.

## II.      SMITH'S CLAIMS

Smith raises three grounds for relief in his federal petition. In Ground One, Smith cites Judge Currier's failure to conduct an evidentiary hearing in resolving his ineffective assistance of counsel claims in his state habeas petition. *Doc. 1* at 5 (arguing that "[a]n evidentiary hearing would have exposed all defects of trial counsel"). In Ground Two, Smith asserts fundamental error. *Id.* at 7. This claim is three-fold. First, Smith argues that Judge Currier improperly allowed first-degree charges to go to the jury, contravening Smith's agreement with the State. *Id.* Second, Smith argues that his sentence of 32 years imprisonment with 12 years suspended exceeded the cap of 20

4

years, to which the state agreed. *Id.* Third, Smith reasserts the alleged inadequacy of

Judge Currier's response to the Jury's question regarding felony murder. *Id.* Finally, in

Ground Three, Smith argues that Judge Currier should have recused himself from

presiding over the state habeas petition. *Doc. 1* at 8.

### III.   ANALYSIS

#### A) The Petition is Mixed

Respondents correctly point out that Smith's Petition is "mixed." *Doc. 9* at 8. A

mixed petition for habeas corpus relief is one in which "a state prisoner presents a

federal court with a single petition containing some claims that have been exhausted in

the state courts and some that have not." *Rhines v. Weber*, 544 U.S. 269, 271 (2005).

The exhaustion doctrine "requires a state prisoner to fairly present his federal

constitutional claims to the state courts before he may raise those claims in a federal

habeas corpus petition." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

To do this, "state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). [2]

The parties agree that Ground Three is "new to this cause" and thus, it is

unexhausted. *Doc. 1* at 13; *Doc. 9* at 19. Respondents also submit that Ground One

has not been exhausted because it was only raised in Smith's application for a writ of

---

[2] "New Mexico has a two-tiered appellate court system, and in the ordinary case, a direct appeal
would lie to the state court of appeals with the power of discretionary review resting with the
state supreme court." *Smith v. Sec'y of New Mexico Dept. of Corr.*, 50 F.3d 801, 814 n.20 (10th
Cir. 1995). Once this avenue for direct relief is exhausted, a state inmate may then initiate
habeas corpus proceedings in state district court. *See* Rule 5-802 NMRA. Dismissals of state
habeas petitions are then subject to discretionary review by the New Mexico Supreme Court.
*Id.*; *see also* Rule 12-501 NMRA.

certiorari after the summary denial of his state habeas petition by Judge Currier. *See*

*Doc. 1* at 6.[3] Respondents initially did not challenge Smith's exhaustion of his claims in

Ground Two. *Doc. 9* at 6. However, after the Court requested supplemental briefing on

the issue of whether the state violated the sentencing agreement, Respondents argue

that if the Court does not deny this portion of Ground Two on the merits, that it should

be resolved in the first instance by the state courts. *Doc. 12* at 6-7.[4]

Exhaustion is the general rule. *Granberry v. Greer*, 481 U.S. 129, 134 (1987)

("[S]tate remedies must be exhausted except in unusual circumstances"); *Rose v.*

*Lundy*, 455 U.S. 509, 515-19 (1982) ("as a matter of comity, federal courts should not

consider a claim in a habeas corpus petition until after the state courts have had an

opportunity to act."). However, it is not jurisdictional. *Clayton v. Gibson*, 199 F.3d 1162,

1170 (10th Cir. 1999). When faced with a mixed petition there are four ways the Court

can proceed: (1) dismiss the petition in its entirety without prejudice so the petitioner

can fully exhaust his state court remedies; (2) stay the petition and hold it in abeyance

while the petitioner returns to state court to raise his unexhausted claims; (3) permit the

petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or

---

[3] It appears as though Smith's only recourse on this particular claim was through a writ of certiorari to the New Mexico Supreme Court. *See* Rule 12-501 NMRA; *see also Miller v. Tafoya*, 2003-NMSC-025, ¶ 13, 134 N.M. 335, 339, 76 P.3d 1092, 1096. As Respondents point out, however, raising an issue in the first instance by this mechanism for review has been held insufficient for the purposes of exhaustion. *See Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997)

[4] The Court is not convinced that this claim has not been exhausted, as Smith cursorily raised the issue of whether the state violated the sentencing agreement in his state court Petition for a Writ of Habeas Corpus. *See Doc. 9-2* at 34-35 ("The agreement with Petitioner was further violated when the trial court sentenced him to thirty-two (32) years. The suspension of twelve (12) years does not make petitioner any less 'exposed' to imprisonment for that term."). Nonetheless, this argument appears in the "Statement of the Facts" portion of Smith's brief in support of his state petition and is not otherwise developed. As such, the Court will treat this claim as unexhausted out of an abundance of caution.

(4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the claims have any merit. *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoted authority omitted).

Respondents assert that none of Smith's claims have merit and ask the Court to deny the petition on that basis. *Doc. 9* at 8-9. Smith, on the other hand, asks the Court to issue a stay and abeyance as to his unexhausted claims. *Doc. 10* at 6. The Court, however, is only empowered to enter a stay and abeyance in "limited circumstances." *Rhines*, 544 U.S. at 277. A stay is only available "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory litigation tactics." *Id.* at 278. In this case, the Court finds that all of Smith's unexhausted claims lack merit, such that a stay and abeyance would be inappropriate.

### B) Standard of Review

Federal Courts have statutory authority under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to issue habeas corpus relief for persons in state custody. *Harrington v. Richter*, 131 S. Ct. 770, 783 (2011). "AEDPA circumscribes our review of federal habeas claims that were adjudicated on the merits in state-court proceedings." *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). Under the AEDPA, this Court may grant relief only where a petitioner demonstrates that the state trial court's resolution of his claims was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding.'" *Hooks,* 689 F.3d at 1163 (quoting 28 U.S.C. §§ 2254(d)(1) & (d)(2)).

In this two-step inquiry, the threshold question is whether the applicant is seeking to

invoke a rule of federal law that is clearly established by the Supreme Court at the time

the conviction became final. *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011);

*see also Williams v. Taylor* 529 U.S. 362, 390 (2000). If the law was clearly established,

then the court determines whether the state court decision is "contrary to or involved an

unreasonable application of that clearly established law." *Byrd*, 645 F.3d at 1165

(quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004)).

A state court decision is "contrary to" clearly established federal law "'if the state

court applies a rule different from the governing law set forth in [Supreme Court] cases,

or if it decides a case differently than [the Supreme Court has] done on a set of

materially indistinguishable facts." *Hooks*, 689 F.3d at 1163 (quoting *Bell v. Cone*, 535

U.S. 685, 694 (2002)). "A state-court decision is an 'unreasonable application'" of clearly

established federal law when the state court "identifies the correct governing legal

principle from th[e Supreme] Court's decisions but unreasonably applies that principle to

the facts of petitioner's case.'" *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

In analyzing the state court's decision, this Court may only review the record that was

before the state court and all factual findings are presumed correct unless rebutted by

"clear and convincing evidence." *Id.* (quoting 28 U.S.C. § 2254(e)(1)).

AEDPA precludes issuance of a writ "simply because we conclude in our

independent judgment that the state court applied the law erroneously or incorrectly."

*Byrd*, 645 F.3d at 1166. Instead, the state court's application of federal law must be

"objectively unreasonable." *Id.* As long as "fairminded jurists could disagree" as to the

correctness of the state court's determination, *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), this "'highly deferential standard for evaluating state-court rulings [ ]' . . . demands that state-court decisions be given the benefit of the doubt." *Hooks*, 689 F.3d at 1163 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)) (brackets in original). For federal habeas claims not adjudicated on the merits in the state courts, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

**C) Smith's Unexhausted Claims Involve Matters of State Law Which are Not Cognizable in a Federal Habeas Proceeding.**

### 1. Ground One – Failure to Conduct a Post-Conviction Evidentiary Hearing

While Ground One of Smith's federal petition discusses an ineffective assistance of counsel claim raised in his state habeas petition, it challenges only Judge Currier's decision to summarily deny the petition without holding a hearing. *Doc. 1* at 5. Whether to hold a hearing in a New Mexico habeas corpus proceeding is a matter of state law, governed by New Mexico Rule 5-802 NMRA. *Miller v. Tafoya*, 2003-NMSC-025, ¶ 13, 134 N.M. 335, 338, 76 P.3d 1092, 1095. Under Rule 5-802(G)(1) NMRA, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief as a matter of law, the court shall order a summary dismissal of the petition." *Id.* In summarily denying Smith's state habeas petition Judge Currier cited this language. *Doc. 9-2* at 73.

Unfortunately for Smith, "[f]ederal habeas corpus relief does not lie for errors of state law[,]" as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As such, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

Judge Currier's decision not to hold an evidentiary hearing in resolving his state habeas petition is a matter of state procedural law and, therefore, it is not cognizable as a federal habeas claim. *LaVoy v. Snedeker*, CIV 03-0765 MCA/KBM, 2004 WL 3778602 at *7 (D.N.M. March 9, 2004); *see also Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) (unpublished) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in post-conviction proceedings."). Accordingly, the Court should deny Smith's claim in Ground One on the merits.

### 2. Ground Two – Violation of Sentencing Cap

Smith asserts that the State "welched" on the sentencing agreement because he is subject to more than 20 years imprisonment under the suspended sentence Judge Currier imposed. *Doc. 1* at 7. Respondents argue that "because the State fulfilled its sentencing-agreement obligation, Mr. Smith's claim of breach should be denied on the merits." *Doc. 12* at 3.

The Court agrees with Smith that Judge Currier's sentence exceeds the 20-year cap in his agreement with the state. As articulated by the New Mexico Court of Appeals in *State v. Gomez*, 2011-NMCA-120, ¶ 11, 267 P.3d 831, 835, a sentence which exceeds the cap agreed to by the state and a defendant is not validated simply by suspension of part of the sentence, because the defendant remains exposed to a total term of incarceration in excess of the agreed-upon cap. *Id.* However, Smith does not indicate how the <u>State</u> breached its agreement with him as it was Judge Currier, not the State, who ultimately fashioned Smith's sentence pursuant to the discretion afforded to him by the agreement. In the Court's view, the State's actions conformed to its promise in the agreement by recommending a sentencing cap of 20 years of imprisonment. *See*

*Ardrey v. Bravo*, 43 F. App'x 176, 178 (10th Cir. 2002).

Regardless, Respondents correctly argue that claims implicating state law and policy governing sentencing and plea agreements are not cognizable in a federal habeas proceeding. *Doc. 12* at 4 (citing *Saccato v. Wilson*, 510 F. App'x 693, 697 (10th Cir. 2013) (unpublished)); *see also Stoltz v. Sanders*, 242 F.3d 390, n.2 (10th Cir. 2000) (unpublished) ("revocation of Mr. Stoltz's suspended sentence implicated state law and did not rise to a federal issue cognizable in a federal habeas proceeding."). As such, Smith's only avenue for relief on this claim is by seeking redress from the New Mexico courts, and it is accordingly without merit in this federal proceeding.

### 3.  Ground Three – Judicial Bias in Post-Conviction Proceedings

Ground Three of Smith's petition asserts that Judge Currier should not have presided over his state court habeas proceedings because they questioned his actions during the underlying trial. *Doc. 1* at 8. Smith points to no action taken by Judge Currier evincing bias on his part, but relies on the fact that his direct appeal to the New Mexico Court of Appeals presented arguments criticizing Judge Currier's decision to deny a new trial and his response to the jury's question. *Doc. 10* at 22. Smith then cites to Article VI, Section 18, of the New Mexico Constitution[5] and Rule 5-106 NMRA for the proposition that Judge Currier should have recused himself from presiding over his state-court habeas proceeding.

"In general, the standard for evaluating whether a habeas petition alleges judicial bias amounting to a denial of due process is whether the judge was actually biased or prejudiced against the petitioner." *Nichols v. Sullivan*, 867 F.2d 1250, 1254 (10th Cir.

---

[5] Article IV, Section 18 of the New Mexico Constitution requires a state judge to recuse himself from any case where he is related to the parties, in which he was counsel, in which he presided in any inferior court, or in which he has an interest. N.M. Const. Art VI, § 18.

1989) (quoted authority omitted). "The test for assessing whether the likelihood of or appearance of bias is so great as to be constitutionally intolerable is whether the judge is unable to hold the balance between vindicating the interests of the court and the interests of the accused." *Id.* (quoted authority omitted). Smith has not met this standard.

More importantly, the Tenth Circuit has held that claims of judicial bias in post-conviction proceedings cannot serve as grounds for federal habeas relief because they have no bearing upon the validity of the challenged conviction. *Valdez v. Jones*, 406 F. App'x 286, 293 (10th Cir. 2010) (unpublished) ("Valdez is not entitled to a COA on his judicial bias claim because it is not a ground for habeas relief. . . . This alleged error in state post-conviction proceedings has no bearing upon the validity of his conviction."); *see also McPherson v. Miers*, 7 F. App'x 845, 849 (10th Cir. 2001) ("alleged violations of state [judicial] codes of conduct are not cognizable in federal habeas."). Therefore, Ground Three of Smith's Petition should be denied on its merits.

### D) Smith's Exhausted Claims

#### 1. Jury Instructions Referencing First-Degree Felonies

Smith contends that his agreement with the State was violated by a jury instruction setting forth the elements of first degree "'willful and deliberate' murder for two (2) deceased victims[.]" *Doc. 1* at 7. Respondents argue that Smith misunderstands the instructions as a whole. *Doc. 9* at 13. The Court agrees and, furthermore, finds no error in the instructions given.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally

unfair as to deprive petitioner of a fair trial and to due process of law." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir.1997) (citation omitted); *Estelle*, 502 U.S. at 71-72 ("the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief"). Thus, "[i]n a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden." *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) (citation omitted). "Even if there is some 'ambiguity, inconsistency, or deficiency' in the instruction, such an error does not necessarily constitute a due process violation." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (per curiam)).

On the other hand, conviction on an erroneous theory "would undoubtedly raise due process concerns." *Valdez v. Bravo*, 244 F. App'x 864, 869 (10th Cir. 2007) (unpublished). "[T]he Supreme Court has repeatedly cautioned that instructions must be evaluated not in isolation but, instead, in the context of the entire panoply of instructions." *Cannon v. Gibson*, 259 F.3d 1253, 1271 (10th Cir. 2001). Upon review of the challenged instructions, the Court finds no due process violation in this case.

The Court notes first that the New Mexico Court of Appeals held that the jury instructions, considered as a whole, accurately stated New Mexico law. *Smith*, 2012 WL 4434150 at *2. Relying on this holding, Judge Currier rejected Smith's claims regarding the jury instructions in his state habeas petition. *Doc. 9-2* at 70. This Court's review of the instructions shows that these determinations were not contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Rather, the instructions correctly stated the law underlying the charges against Smith and never put him in jeopardy of being convicted of a first degree

offense.

Smith takes issue with the fact that the jury was instructed as to the elements of first degree murder. However, these instructions, numbers 7 and 9, were directed only at describing the substantive offense *underlying* the second degree conspiracy and attempt charges, contained in instructions numbers 6 and 8.[6] *See Doc. 9-4* at 19-22. . In order for the jury to assess Smith's guilt for these two charges it was essential for the jury to understand the elements of first degree murder. *See* NMSA 1978 § 30-28-1(A) ("Whoever commits attempt to commit a felony upon conviction thereof, shall be punished as follows . . . if the crime attempted is a capital or first degree felony, the person committing such attempt is guilty of a second degree felony[.]"). Thus, the instructions never actually permitted the jury to find Smith guilty of a first degree offense. *Compare Doc. 9-4* at 8 (criminal information) *with Doc. 9-4* at 34-41 (verdict forms). As Respondents correctly point out, neither of the instructions describing first degree murder refer back to the charges against Smith, whereas instructions 3, 4, 6 and 8, describing the charges that the jury was to consider, do. *Doc. 9-4* at 15, 16, 19, 21.

Thus, the Court finds that there was no improper instruction given. While the Court agrees with Respondents that "[t]he instructions here could have been more finely tuned[,]" *Doc. 9* at 16, any minor ambiguity as to how the instructions relate to one another does not rise to the level of a due process violation.

### 2.  Judge Currier's Response to the Jury's Question

During deliberations, the jury sent out the following question: "If a murder occurs

---

[6]  Neither attempted first degree murder nor conspiracy to commit first degree murder is a first degree offense. *See* NMSA 1978 § 30-28-2(B)(1) ("Whoever commits conspiracy shall be punished as follows . . . if the highest crime conspired to be committed is a capital or first degree felony, the person committing such conspiracy is guilty of a second degree felony[.]").

during the commission of another felony, in other words robbery, is the accessory to the

other felony also guilty of murder?" *Doc. 9-1* at 90. Smith has consistently argued on

direct appeal of his conviction and in his state habeas petition that Judge Currier

improperly responded to the jury by instructing it to only consider the instructions before

them. *Doc. 1* at 7. This claim was directly addressed by the New Mexico Court of

Appeals, which found that "the district court complied with the court's legal obligation to

utilize its discretion in responding to the jury's question dealing with the elements of the

crime charged." *Smith*, 2012 WL 4434150 at *3. The Court concludes that this finding is

not contrary to clearly established federal law.

Rather, as with Smith's claim concerning the instructions themselves, this claim

can only implicate clearly established federal law to the extent that it asserts a violation

of federal due process. Smith's reliance on Judge Currier's alleged improper response

to the jury's question asserts only a violation of state law, not ordinarily cognizable in a

federal habeas proceeding. *Garrison v. Saffle*, 5 F. App'x 823, 825 (10th Cir. 2001)

(unpublished) (holding that trial judge's alleged improper response to a jury question

during their deliberations involved violations of state law, not cognizable in federal

habeas). The exception, as stated above, is where the error has the effect of rendering

the trial so fundamentally unfair as to cause the denial of a fair trial. *Maes*, 46 F.3d at

984. Petitioner's burden in making such an argument is a "great" one, "even greater

than the showing required to establish plain error on direct appeal" and any such claim

"must be evaluated in the context of the events at trial." *Id.* (citations omitted).

Respondents direct the Court to the District of Kansas' decision in *Smith v.

McKune*, 2007 WL 4241847 (D. Kan. Nov. 26, 2007). In that federal habeas action the

court was faced with a similar set of facts – whether a state trial court adequately responded to a question from the jury seeking to clarify the instructions given to it. *Id.* at *3. The court determined that the petitioner in that case could not meet "his high burden on this issue" because there was "nothing in the record to support a finding that the instructions were improper or that the judge's answer to the jury's question undermined the fundamental fairness of the trial." *Id.* The same is true in this case.

Smith has failed to demonstrate how Judge Currier's response to the jury was erroneous, much less that it undermined the fundamental fairness of his trial. *See Long v. Oklahoma*, 127 F. App'x 411, 413 (10th Cir. 2005) (unpublished). While Smith asserts that the "jury express[ed] confusion when asking about felony murder[,]" *Doc. 1* at 7, the Court agrees with the New Mexico Court of Appeals' conclusion that "[w]hether any further confusion existed during the jury's remaining deliberations is a matter of speculation and is not supported by the record[.]" *Smith*, 2012 WL 4434150 at *3. Rather, Smith fails to contradict the Court of Appeals' reasoning that "the fact that the jury spent over three hours deliberating after it received the district court's response. . . . [and] did not ask any additional questions of the district court[]" shows that the jury was not confused about the charges it was considering. *Id.* (citation omitted).

This Court has already expressed its agreement with the New Mexico Court of Appeals that the instructions given in Smith's case were proper. Because the instructions were themselves accurate statements of New Mexico law and included no erroneous charges, the Court likewise concludes that Judge Currier's decision to respond to the jury by directing them to only consider the instructions before them did not violate Smith's due process rights. Accordingly, the Court recommends denial

16

habeas relief as to this issue.

## IV.   RECOMMENDATION

Since this Court finds that Smith's claims are either not cognizable in this federal

habeas action or are not contrary to, or an unreasonable application of, clearly

established federal law, the Court recommends that the Smith's Application for Writ of

Habeas Corpus (*Doc. 1*) be denied and that this case be dismissed with prejudice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a

copy of these Proposed Findings and Recommended Disposition, they may file written

objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the**

**fourteen-day period if that party wants to have appellate review of the proposed**

**findings and recommended disposition.  If no objections are filed, no appellate**

**review will be allowed.**